Egan Jr., J.
Appeal from a decision of the Workers’ Compensation Board, filed March 31, 2011, which ruled, among other things, that claimant demonstrated an attachment to the labor market.
Claimant, a convenience store manager for the employer, sustained a work-related injury to his back and right knee in July 2005 and was awarded workers’ compensation benefits from July 2005 to October 2005. Following this initial award of benefits, claimant returned to work for the employer in various capacities until he was terminated for cause in February 2009. Additional hearings subsequently ensued regarding claimant’s voluntary withdrawal from the labor market and his alleged reattachment thereto. Although these latter hearings were conducted before the same Workers’ Compensation Law Judge (hereinafter WCLJ), the decision on the reattachment hearing was issued — without explanation and four months later — by another WCLJ, who concluded that claimant had reattached to the labor market and, accordingly, awarded additional benefits. The Workers’ Compensation Board affirmed that decision, and the employer and its workers’ compensation carrier now appeal, asserting a violation of Workers’ Compensation Law § 20 (1).
Workers’ Compensation Law § 20 (1) provides, in relevant part, that “[w]henever a hearing or proceeding for the determination of a claim for compensation is begun before a referee, pursuant to the provisions of this chapter, such hearing or proceeding or any adjourned hearing thereon shall continue before the same referee until a final determination awarding or denying compensation, except in the absence, inability or *1634 disqualification to act of such referee, or for other good cause, in which event such hearing or proceeding may be continued before another referee by order of the chair or the [Bjoard.” To be sure, the statute does not require that the same WCLJ preside over any and all hearings that may be conducted in conjunction with a given claim (see Matter of Murray v St. Joseph’s Hosp., 232 AD2d 692, 693 [1996]). The statute does, however, require that once a hearing before a particular WCLJ has commenced, such hearing must continue before him or her until a final determination is made, absent inability, disqualification or other good cause, none of which has been articulated— much less demonstrated — here.
To the extent that the Board argues that the foregoing limitation does not apply to any hearing held after an initial award of compensation has been made, we do not read the statute in such a restrictive manner. Moreover, the Board’s own decisions acknowledge that the statute ‘‘reflect[s] a legislative intent for the same WCLJ to preside over a case from its commencement to its conclusion . . . [and] recognizes that continuity in the presiding hearing officer is desirable” (Finch Paper Holdings LLC, 2011 WL 2741180, *1, 2011 NY Wrk Comp LEXIS 03615, *3 [WCB No. 5071 4197, July 7, 2011]; see Albany County, 2011 WL 6963948, *2, 2011 NY Wrk Comp LEXIS 08649, *5 [WCB No. G031 4929, Dec. 30, 2011]). Hence, even under the Board’s narrow reading of Workers’ Compensation Law § 20, the spirit of the statute was violated here. Accordingly, in the absence of any explanation as to why the underlying hearing was held before one WCLJ and the decision was rendered by another, the Board’s decision cannot stand.
Rose, J.E, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.