## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 29, 2015          519215
_____

In the Matter of the Claim of
    MAUREEN ESTWICK,
                    Appellant,
        v

RISK MANAGEMENT PLANNING et al.,          MEMORANDUM AND ORDER
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  December 16, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

        Rella & Associates, PC, Sleepy Hollow (Dionisios Georgatos of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.

_____

Lahtinen, J.P.

        Appeal from a decision of the Workers' Compensation Board, filed August 16, 2013, which, among other things, assessed a monetary penalty against claimant's counsel pursuant to Workers' Compensation Law § 114–a (3) (ii).

        Claimant, who resides in Brooklyn, sustained a compensable injury involving her right shoulder while working for her employer in Brooklyn.  Claimant retained counsel, who submitted to the Workers' Compensation Board, among other things, a request

by claimant that the venue of any hearings be held in the City of White Plains, Westchester County on the ground that it was the "most efficient" and would limit the amount of time lost from work. A Workers' Compensation Law Judge (hereinafter WCLJ) denied the request, finding that the change of venue application was made without reasonable ground, and assessed penalties of $250 against claimant's counsel under Workers' Compensation Law § 114–a (3) (i) and (ii). The Board modified the WCLJ's decision by rescinding the penalty assessment pursuant to Workers' Compensation Law § 114–a (3) (i), finding that, pursuant to that subsection, such penalty can only be assessed against a party, not a party's counsel. However, the Board found the penalty of counsel fees under section 114–a (3) (ii) to be warranted and, given the fact that counsel appealed the WCLJ's decision asserting arguments regarding the venue request which counsel was aware were improper or had been previously rejected by the Board, increased the assessment against counsel to $500. Claimant appeals.[1]

We affirm. We have repeatedly upheld the imposition of a penalty of reasonable counsel fees pursuant to Workers' Compensation Law § 114–a (3) (ii) when, as here, the record contains substantial evidence that a venue request was made without a reasonable basis (see Matter of Maiorano v Alman Plumbing, 119 AD3d 1254, 1254 [2014]; Matter of Mejia v Camabo Indus., Inc., 117 AD3d 1362, 1363 [2014]; Matter of Toledo v Administration for Children Servs., 112 AD3d 1209, 1210 [2013]; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197,

_____

[1] Given that the only issue on this appeal relates to the assessment against counsel, "counsel is the party in interest pursuant to Workers' Compensation Law § 23 and 'should have filed the notice of appeal on [his] own behalf'" (Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197, 1198 [2013], quoting Matter of Banton v New York City Dept. of Corr., 112 AD3d 1195, 1196 n [2013]). Given the absence of any allegation of prejudice, we will disregard that defect and treat the appeal as having been taken by counsel (see CPLR 2001; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d at 1198).

1198 [2013]; <u>Matter of Banton v New York City Dept. of Corr.</u>, 112 AD3d 1195, 1196 [2013]).  The record reflects that there was no legitimate basis for seeking the venue change and the Board had previously rejected several similarly-worded venue change requests by counsel.  Under these circumstances, the Board did not exceed its authority in assessing a penalty against counsel based upon the filings of the request to change venue and the appeal to the Board without reasonable grounds (<u>see</u> Workers' Compensation Law § 114-a [3] [ii]; <u>see also</u> Workers' Compensation Law §§ 23, 142), and its decision will not be disturbed (<u>see</u> <u>Matter of Wolfe v New York City Dept. of Corr.</u>, 112 AD3d at 1198; <u>Matter of Banton v New York City Dept. of Corr.</u>, 112 AD3d at 1196-1197).

McCarthy, Rose, Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court