*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 9, 2017                523423
_____

In the Matter of the Claim of
    RUTH TAITT,
                        Appellant,

        v

MANHATTAN AND BRONX SURFACE
    TRANSIT OPERATING AUTHORITY,            MEMORANDUM AND ORDER
                        Respondent.

WORKERS' COMPENSATION BOARD,
                        Respondent.

JOSEPH A. ROMANO,
                        Appellant.
_____


Calendar Date:  January 10, 2017

Before:  Garry, J.P., Rose, Devine, Clark and Mulvey, JJ.

                    _____


        Law Office of Joseph A. Romano, New York City (Joseph A.
Romano of counsel), for appellants.


                    _____


Rose, J.

        Appeal from a decision of the Workers' Compensation Board,
filed September 10, 2015, which, among other things, denied
claimant's request for a change of venue.

        Claimant, who resides in the Bronx, filed a claim for
workers' compensation benefits, alleging that she was injured
while working in the Bronx as a bus driver.  Claimant retained
counsel, who thereafter requested a change in venue from the
district office in Harlem to one in the City of White Plains,

Westchester County, on the grounds that, among other things, going to Harlem would cause her "anxiety" as she had been previously assaulted there and that it was difficult for her to travel to Harlem because of her knee and back conditions. A Workers' Compensation Law Judge (hereinafter WCLJ) denied the request based upon a statement of general policy from the Chair of the Workers' Compensation Board, which provides that venue change requests involving a public benefit corporation, such as the employer, shall not be granted except to a district office where the employer is located. The WCLJ allowed claimant to appear by phone at future hearings held at the Harlem hearing site, but also assessed a penalty of $750 against claimant's counsel pursuant to Workers' Compensation Law § 114-a (3) (ii) for instituting a proceeding without reasonable grounds. Upon review, the Board affirmed the denial of the request and the penalty assessment. This appeal ensued.[1]

We affirm. Here, the public employer is headquartered in Brooklyn, and there is nothing in the record to suggest that it is located in Westchester County. Moreover, White Plains has no obvious connection to either claimant or the underlying accident giving rise to her claim. While claimant allegedly had difficulty walking long distances due to her knee injuries, and the WCLJ conceded that the hearing location in Harlem is not

_____

[1] The notice of appeal was filed by claimant's counsel solely on his own behalf. Inasmuch as the issues raised on appeal include the denial of claimant's change of venue request, claimant is a party in interest pursuant to Workers' Compensation Law § 23, and, thus, the notice of appeal should have been filed on behalf of claimant, as well (see Matter of Estwick v Risk Mgt. Planning, 124 AD3d 1201, 1202 n [2015]; Matter of Cedeno v PACOA, 120 AD3d 1458, 1459 n [2014]; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197, 1198 [2013]). However, in the absence of any allegation of prejudice, we will disregard that defect and treat the appeal as having been taken by both claimant and her counsel (see CPLR 2001; Matter of Estwick v Risk Mgt. Planning, 124 AD3d at 1202 n; Matter of Cedeno v PACOA, 120 AD3d at 1459 n; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d at 1198).

readily accessible by public transportation, claimant was allowed to appear by phone at future hearings held there. Accordingly, we agree with the Board that claimant has failed to identify a reasonable basis for the requested change of venue (see Matter of Thomas-Fletcher v New York City Dept. of Corr., 120 AD3d 867, 868 [2014]; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197, 1198 [2013]).[2]

As for the penalty assessment, the Board is authorized to assess reasonable counsel fees against an attorney "who has instituted or continued proceedings without reasonable grounds" (Workers' Compensation Law § 114-a [3] [ii]), and a request for change of venue constitutes a proceeding for purposes of the statute (see Matter of Thomas-Fletcher v New York City Dept. of Corr., 120 AD3d at 868; Matter of Banton v New York City Dept. of Corr., 112 AD3d 1195, 1196 [2013]). The Board properly found that claimant's counsel initiated and continued this proceeding for change of venue by submitting claimant's written request for a venue change, reiterating the request at a hearing and asking that the matter be adjourned pending resolution of the request. Given the absence of a reasonable basis for seeking the venue change and the fact that counsel had previously been penalized for submitting change of venue requests that violated the same policy statement (see Matter of Thomas-Fletcher v New York City Dept. of Corr., 120 AD3d at 868; Matter of Toledo v Administration for Children Servs., 112 AD3d 1209, 1210 [2013]), we decline to disturb the penalty imposed (see Matter of Vallecillo v New York City Dept. of Corr., 134 AD3d 1384, 1385 [2015]; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d at 1198; Matter of Banton v New York City Dept. of Corr., 112 AD3d at 1196-1197). Claimant's remaining contentions, to the extent that they are properly before us, have been examined and

---

[2] Claimant's challenges to the validity of the Chair's policy statement and its application here are not preserved for our review as they were not raised before the Board (see Matter of Cedeno v PACOA, 120 AD3d 1458, 1459 [2014]; Matter of Mejia v Camabo Indus., Inc., 117 AD3d 1362, 1362 [2014]; Matter of Toledo v Administration for Children Servs., 112 AD3d 1209, 1210 [2013]).

found to be without merit.

Garry, J.P., Devine, Clark and Mulvey, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court