Matter of Murtha v Verizon N.Y. Inc. (2018 NY Slip Op 03592)





Matter of Murtha v Verizon N.Y. Inc.


2018 NY Slip Op 03592


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

525867

[*1]In the Matter of the Claim of BRYON J. MURTHA, Appellant,
v
VERIZON NEW YORK INC. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. GREY AND GREY, LLP, Appellant.

Calendar Date: May 1, 2018

Before: Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ.


Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel), for appellants.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed March 8, 2017, which, among other things, assessed a monetary penalty against claimant's counsel pursuant to Workers' Compensation Law § 114-a (3).
Claimant sustained injuries when he slipped and fell on ice while working as a service technician for a telephone company. He filed a claim for workers' compensation benefits and a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for injuries to his neck, left shoulder and lower back.
Thereafter, claimant's treating orthopedist, Alfred Faust, submitted a request for authorization to perform total disc replacement surgery on claimant's cervical spine. The employer's workers' compensation carrier denied the request based upon the report of its orthopedic expert, Sanford Ratzan, who conducted an independent medical examination of claimant. As medical testimony was relevant to this issue, the WCLJ directed the parties to submit for consideration the depositions of Faust, Ratzan and a third physician, Charles Milchteim.
Accordingly, the carrier served subpoenas upon Faust and Milchteim directing them to be available for depositions on alternative dates and to provide certain medical documentation. The physicians thereafter failed to make themselves available, on any of the dates chosen, and [*2]were never deposed. As a result, Ratzan's deposition was the only one provided to the WCLJ. Following a further hearing, the WCLJ, among other things, denied authorization for the surgery and assessed a penalty under Workers' Compensation Law § 25 (3) (c) against claimant's counsel, Grey and Grey, LLP (hereinafter the firm), on the basis that the attorney appearing on the firm's behalf at the hearing engaged in dilatory tactics by mischaracterizing Ratzan's testimony during her summation. On appeal, the Workers' Compensation Board upheld the WCLJ's denial of authorization for the surgery, but found that the WCLJ improperly assessed the penalty against the firm under Workers' Compensation Law § 25 (3) (c). Instead, the Board assessed the penalty under Workers' Compensation Law § 114-a (3) (i), concluding that the firm continued "the proceedings without reasonable grounds by using dilatory tactics of not having . . . Milchteim and . . . Faust available for cross-examination by the carrier." This appeal ensued.[FN1]
The firm asserts that the Board erroneously imposed a penalty against it under Workers' Compensation Law § 114-a (3) (i) due to the failure of Faust and Milchteim to appear for depositions. We agree. Workers' Compensation Law § 114-a (3) (i) provides the Board with the authority to assess a penalty against a party in certain circumstances, but does not authorize the Board to assess a penalty against a party's counsel (see Matter of Estwick v Risk Mgmt. Planning, 124 AD3d 1201, 1202 [2015]). Such authority is instead conferred by Workers' Compensation Law § 114-a (3) (ii). This provision states, in pertinent part, that "reasonable attorneys' fees shall be assessed against an attorney or licensed representative who has instituted or continued proceedings without reasonable grounds" (see Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197, 1198 [2013]; Matter of Banton v New York City Dept. of Corr., 112 AD3d 1195, 1196 [2013]). Therefore, the Board imposed a penalty against the firm without the proper statutory authorization.
Even if the penalty had been imposed under Workers' Compensation Law § 114-a (3) (ii), we would not find it to have been warranted under the circumstances presented. Workers' Compensation Law § 121 provides for the taking of depositions of witnesses in a workers' compensation proceeding. Workers' Compensation Law § 119 further provides that an attorney for a party may issue a subpoena or subpoena duces tecum to obtain testimony or documentation in such a proceeding. As per these provisions, the carrier sought to obtain the testimony of Faust and Milchteim, as well as medical documentation prepared by them. These physicians failed to comply with the carrier's requests, but there is nothing in the record to indicate that the firm was responsible for their actions. Indeed, at the hearing before the WCLJ, the attorney appearing on behalf of the firm explained that her office undertook affirmative efforts to have the physicians appear for depositions, specifically contacting Faust both by telephone and email. Pursuant to Workers' Compensation Law § 119 and the Board's own regulations (see 12 NYCRR 300.10 [c]), it was incumbent upon the carrier to take enforcement action under the provisions of the CPLR upon the physicians' failure to comply with its discovery requests (see CPLR 2308 [b] [1]; 3124). In view of the foregoing, substantial evidence does not support the Board's assessment of a penalty against the firm (see generally Matter of Calderon v New York City Dept. of Corr., 144 [*3]AD3d 1382, 1383-1384 [2016]; Matter of Logan v Westchester Med. Ctr., 117 AD3d 1311, 1312 [2014]).
McCarthy, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as assessed a penalty of $150 against Grey and Grey, LLP, and, as so modified, affirmed.



Footnotes

Footnote 1: Although the notice of appeal indicates that both claimant and the firm are appellants, the only aspect of the decision that is being challenged is the Board's assessment of the penalty against the firm. Thus, the firm is the only party in interest (see Matter of Estwick v Risk Mgmt. Planning, 124 AD3d 1201, 1202 n [2015]; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197, 1198 [2013]). Notably, neither the carrier nor the Board has submitted responding briefs or taken a position with respect to this issue.