Matter of Horn v New York City Tr. Auth. (2020 NY Slip Op 05267)





Matter of Horn v New York City Tr. Auth.


2020 NY Slip Op 05267


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

530056

[*1]In the Matter of the Claim of James K. Horn, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: September 10, 2020

Before: Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


John F. Clennan, Ronkonkoma, for appellant.
John Sweeney, New York City Transit Authority, New York City (Sharon H. Chorney of counsel), for New York City Transit Authority, respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed March 13, 2019, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving future wage replacement benefits.
In September 2016, claimant was working as a train operator for the self-insured employer when he slipped and fell, sustaining injuries. He filed a claim for workers' compensation benefits and, following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for injuries to claimant's back, knees and left ankle. He underwent independent medical examinations by the employer's orthopedist on multiple occasions. During these examinations, claimant represented on the daily activities questionnaire that he had not "worked in any capacity for any employer, self-employment or for pay or as a volunteer."
In May 2017, the employer submitted a request for further action raising the issue of claimant's violation of Workers' Compensation Law § 114-a based on his operation of a garden supply business that he did not previously disclose. In August 2017, a hearing was conducted before the WCLJ to take testimony on this issue and the case was continued. In March 2018, another hearing was conducted before a different WCLJ who had been assigned to complete the case because the prior WCLJ was not available. Although claimant's counsel was present at this hearing, claimant did not attend, apparently due to inclement weather. At the conclusion of the hearing, the WCLJ ruled, among other things, that claimant had violated Workers' Compensation Law § 114-a and imposed a mandatory penalty requiring him to return the benefits that had been previously paid by the employer. On appeal, the Workers' Compensation Board upheld the WCLJ's decision and also imposed a discretionary penalty permanently disqualifying claimant from receiving future wage replacement benefits. Claimant appeals.
Initially, claimant contends that the replacement of the WCLJ who initially presided over the proceedings with a second WCLJ who completed the hearing and rendered the decision constitutes a violation of Workers' Compensation Law § 20 (1). That statute states, in pertinent part, that "[w]henever a hearing or proceeding for the determination of a claim for compensation is begun before a referee, . . . such hearing or proceeding or any adjourned hearing thereon shall continue before the same referee until a final determination awarding or denying compensation, except in the absence, inability or disqualification to act of such referee, or for other good cause, in which event such hearing or proceeding may be continued before another referee by order of the chair or board" (Workers' Compensation Law § 20 [1]). Notably, the statute does not require that the same WCLJ preside over any and all hearings that may be conducted on a given claim (see Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d 1108, 1109 [2018], lv denied 33 NY3d 901 [2019]; Matter of Prather v Amerada Hess Corp., 95 AD3d 1633, 1633-1634 [2012]). Rather, substitution is permitted for, among other reasons, good cause shown (see Matter of Cannetti v Darr Constr. Equip. Corp., 173 AD3d 1493, 1494 [2019]; Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d at 1109). Here, the record reveals that the original WCLJ was not available to conduct the March 2018 hearing, there had been numerous hearings in this case and the case had been reassigned to the second WCLJ "for a good cause in order to deliver a timely decision." The second WCLJ reviewed the minutes of the prior proceedings and rendered an expeditious decision. Under these circumstances, we find that there was no violation of the statute.
Claimant further contends that the Board's decision finding that he made a material misrepresentation in violation of Workers' Compensation Law § 114-a is not supported by substantial evidence. We disagree. Workers' Compensation Law § 114-a (1) provides, in relevant part, that "[i]f for the purpose of obtaining compensation . . ., or for the purpose of influencing any determination regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statement or representation." "A fact is considered material when it is significant or essential to the issue or matter at hand" (Matter of Teabout v Albany County Sheriff's Dept., 182 AD3d 709, 709 [2020] [citation omitted]; see Matter of Angora v Wegmans Food Mkts., Inc., 171 AD3d 1419, 1420 [2019]). Moreover, "'an omission of material information may constitute a knowing false statement or misrepresentation'" (Matter of Angora v Wegmans Food Mkts., Inc., 171 AD3d at 1420, quoting Matter of Kodra v Mondelez Intl., Inc., 145 AD3d 1131, 1133 [2016]). In determining whether a claimant violated Workers' Compensation Law § 114-a, the Board is the sole arbiter of witness credibility, and its determination will be upheld if supported by substantial evidence (see Matter of Calabrese v Fortini, Inc., 179 AD3d 1279, 1280 [2020]; Matter of Felicello v Marlboro Cent. School Dist., 178 AD3d 1252, 1253 [2019]).
Here, claimant represented on the daily activities questionnaires that he had not worked in any self-employment or otherwise. However, the documentary evidence and the testimony of the individuals who were investigating the claim establish that claimant had a garden supply business that was active during the time that he was receiving benefits. In fact, claimant admitted that he had such a business, but stated that he did not disclose it because the employer did not ask and he did not understand the question on the daily activities questionnaire. Under these circumstances, the Board could reasonably conclude that claimant made a material misrepresentation for the purpose of influencing his claim, and we decline to disturb its credibility determination in this regard. Inasmuch as substantial evidence supports the Board's decision, it must be affirmed. We have considered claimant's remaining arguments and find them to be unpersuasive.
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.