Matter of Kornreich v Elmont Glass Co., Inc. (2021 NY Slip Op 03352)





Matter of Kornreich v Elmont Glass Co., Inc.


2021 NY Slip Op 03352


Decided on May 27, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 27, 2021

531169
[*1]In the Matter of the Claim of Joseph Kornreich, Appellant,
v
Elmont Glass Company, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 22, 2021

Before:Garry, P.J., Egan Jr., Lynch and Colangelo, JJ.

Law Offices of Joseph A. Romano, PC, New York City (Richard A. Zaberto of counsel), for appellant.
Tanisha S. Edwards, State Insurance Fund, New York City (Katherine Mason-Horowitz of counsel), for Elmont Glass Company, Inc. and another, respondents.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed May 16, 2019, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and permanently disqualified him from receiving future wage replacement benefits.
In 2007, claimant suffered work-related injuries to his neck and back and his claim for workers' compensation benefits was established. The claim was later amended to include consequential depressive disorder. In 2014, claimant pleaded guilty to attempted promoting gambling in the first degree (see Penal Law §§ 110.00, 225.10 [1]). During the plea colloquy, claimant admitted that, on or about September 8, 2011, he worked with co-conspirators to attempt to advance unlawful gambling activity. Thereafter, the employer's workers' compensation carrier raised the issue as to whether claimant had violated Workers' Compensation Law § 114-a. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that claimant had violated Workers' Compensation Law § 114-a by asserting that he had not performed work for himself or others on a paid or unpaid basis on work activity reports (hereinafter referred to as WA-1 forms) submitted to the carrier between September 22, 2011 and April 14, 2014. The WCLJ imposed the mandatory penalty rescinding the award of workers' compensation benefits after September 22, 2011 and a discretionary penalty disqualifying claimant from receiving any future wage replacement benefits. Upon administrative appeal, the Workers' Compensation Board adopted the findings of the WCLJ and affirmed. Claimant appeals.[FN1]
We affirm. Workers' Compensation Law § 114—a (1) provides that a claimant who, for the purpose of obtaining workers' compensation benefits, "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (see Matter of Sidiropoulos v Nassau Intercounty Express, 178 AD3d 1266, 1267 [2019]; see also Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003]). "Whether a claimant has violated Workers' Compensation Law § 114—a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Felicello v Marlboro Cent. Sch. Dist., 178 AD3d 1252, 1253 [2019] [internal quotation marks and citations omitted]; accord Matter of Barros v John P. Picone, Inc., 188 AD3d 1397, 1399 [2020]).
Along with the WA-1 forms signed by claimant, the record contains the plea transcript, in which claimant admitted that he knowingly advanced unlawful gambling activity by engaging in bookmaking with others to the extent that they accepted more than five bets totaling $5,000 in any one day. Claimant testified that he never made any misrepresentations regarding his work status during the time he was receiving workers' compensation [*2]benefits. Further, he asserted in a written statement to the Board that he has a gambling addiction and that, despite his guilty plea, his gambling activities should not be considered work, in that he merely placed bets with bookmakers but did not act as a bookmaker himself. Claimant's exculpatory statements created a credibility issue for the Board to resolve (see Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d 1273, 1274-1275 [2016]; Matter of Johnson v New York State Dept. of Transp., 305 AD2d 927, 928 [2003]). In light of the foregoing, the Board's decision that claimant knowingly made false misrepresentations in violation of Workers' Compensation Law § 114-a will not be disturbed (see Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d at 1274-1275; Matter of Johnson v New York State Dept. of Transp., 305 AD2d at 928; compare Matter of Stone v Saulsbury/Federal Signal, 172 AD3d 1851, 1852 [2019], lv denied 34 NY3d 905 [2019]).
We reject claimant's contention that the Board's imposition of the discretionary penalty of permanent disqualification from future indemnity benefit payments was inappropriate. The Board adopted the findings of the WCLJ that, given claimant's illegal work activity and repeated denials thereof, his behavior was "egregious" and warranted the discretionary penalty. Under these circumstances, we conclude that the rationale for the imposition of the penalty was sufficiently explained and that the penalty was not disproportionate to his misrepresentations (see Matter of Losurdo v Asbestos Free, 1 NY3d at 267; Matter of Poupore v Clinton County Hwy. Dept., 138 AD3d 1321, 1324 [2016]).
Egan Jr., Lynch and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The notice of appeal was apparently erroneously filed by claimant's counsel solely on his own behalf. The issues raised on appeal pertain to the finding that claimant violated Workers' Compensation Law § 114-a and, thus, claimant is the party of interest pursuant to Workers' Compensation Law § 23, and the notice of appeal should have been filed on his behalf (see Matter of Taitt v Manhattan & Bronx Surface Tr. Operating Auth., 147 AD3d 1182, 1183 n 1 [2017]). In the absence of any allegation of prejudice, we will disregard the defect and treat the appeal as being taken by claimant (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605, 606-607 [2004]; Matter of Taitt v Manhattan & Bronx Surface Tr. Operating Auth., 147 AD3d at 1183 n 1).