Matter of Quaranta v Special Teams, Inc. (2021 NY Slip Op 04069)





Matter of Quaranta v Special Teams, Inc.


2021 NY Slip Op 04069


Decided on June 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 24, 2021

531162
[*1]In the Matter of the Claim of Vincent Quaranta, Appellant,
v
Special Teams, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:May 25, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ.

Law Offices of Joseph A. Romano, PC, New York City (Joseph A. Romano of counsel), for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for Special Teams, Inc. and another, respondents.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed April 16, 2019, which ruled that claimant violated Workers' Compensation Law § 114-a and imposed a penalty.
Claimant has an established workers' compensation claim for injuries to his right hip, right groin and back, as well as a consequential left shoulder injury and adjustment disorder. In February 2018, the employer and its workers' compensation carrier cited surveillance video footage in its possession for the proposition that claimant had knowingly made material misrepresentations in order to obtain benefits in violation of Workers' Compensation Law § 114-a. Following a review of the video footage and hearing testimony from claimant and several investigators, a Workers' Compensation Law Judge found that claimant had not violated Workers' Compensation Law § 114-a. The Workers' Compensation Board disagreed and, as is relevant here, imposed a mandatory penalty and, as a discretionary penalty, permanently disqualified claimant from receiving wage replacement benefits. This appeal ensued.[FN1]
We affirm. "[A] claimant who, for the purpose of obtaining disability compensation or influencing a determination relative thereto, 'knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation'" (Matter of Dunleavy v Federated Fire Protection [Turner Constr.], 192 AD3d 1303, 1305 [2021], quoting Workers' Compensation Law § 114-a [1]; see Matter of Barros v John P. Picone, Inc., 188 AD3d 1397, 1398 [2020]). Here, the report documenting a July 2017 independent medical examination described claimant as wearing a back brace, "walk[ing] with a marked antalgic gait and us[ing] a cane," and suffering from a temporary total disability. Surveillance video footage and eyewitness testimony reflect, however, that claimant was not using a cane on the day of that examination. He was instead observed stopping by a golf pro shop after the examination, where he lingered for a half hour before walking unassisted to his vehicle with a golf club in his hand, and then seen repeatedly walking unassisted up a flight of stairs into his home. The foregoing suggests that claimant "feign[ed] the extent of a disability or exaggerate[d] symptoms and/or injuries" during the July 2017 independent medical examination, and it constitutes substantial evidence for the Board's determination that he knowingly made material misrepresentations in violation of Workers' Compensation Law § 114-a (Matter of Peck v Donaldson Org., 191 AD3d 1078, 1079 [2021]; see Matter of Ledney Boat-N-RV Warehouse, 174 AD3d 1245, 1246 [2019]; Matter of Santangelo v Seaford U.F.S.D., 165 AD3d 1358, 1359 [2018], lv denied 32 NY3d 914 [2019]).
Finally, although claimant attempted to downplay the fact that he was frequently observed walking and performing other physical tasks without assistive devices during a [*2]period in which he displayed an antalgic gait and used a cane at multiple independent medical examinations, his conduct at the July 2017 independent medical examination constituted an effort to mislead the examining doctor as to the severity of his disability when viewed in conjunction with his behavior after it. The Board aptly deemed this behavior to be "egregious," and we perceive no abuse of discretion in its determination to disqualify claimant from receiving future wage replacement benefits (see Matter of Losurdo v Asbestos Free, Inc., 1 NY3d 258, 266-267 [2003]; Matter of Ledney v Boat-N-RV Warehouse, 174 AD3d at 1247).
Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The notice of appeal is ambiguous as to whether claimant or his counsel is the appealing party, but the brief cites claimant as the appellant and only raises issues relating to him. As the parties do not raise the issue and there is no indication of prejudice, we will disregard any defect and treat the appeal as having been taken by claimant (see CPLR 2001; Matter of Curcio v Sherwood 370 Mgt. LLC, 147 AD3d 1186, 1187 n 1 [2017]; Matter of Taitt v Manhattan & Bronx Surface Tr. Operating Auth., 147 AD3d 1182, 1183 n 1 [2017]).