Matter of Giglia v SUNY Buffalo-Union (2022 NY Slip Op 02603)

Matter of Giglia v SUNY Buffalo-Union

2022 NY Slip Op 02603

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

533663
[*1]In the Matter of the Claim of Peter Giglia, Appellant,
v
SUNY Buffalo-Union et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 24, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Dolce Firm, Buffalo (Holly L. Schoenborn of counsel), for appellant.
Hamberger & Weiss LLP, Rochester (Joseph P. DeCoursey of counsel), for SUNY Buffalo-Union and another, respondents.

Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed January 20, 2021, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and permanently disqualified him from receiving future wage replacement benefits.
On June 15, 2018, claimant suffered work-related injuries to his right leg and right knee, and his claim for workers' compensation benefits was established. In May 2020, the employer and its workers' compensation carrier raised the issue as to whether claimant had violated Workers' Compensation Law § 114-a by asserting on work activity reports (hereinafter WA-1 forms) that he submitted to the carrier between September 7, 2018 and May 16, 2019 that he had not performed any work for himself or another employer while receiving benefits. Following a hearing, a Workers' Compensation Law Judge determined, among other things, that claimant had not violated Workers' Compensation Law § 114-a. On administrative appeal, the Workers' Compensation Board reversed, finding, among other things, that claimant had violated Workers' Compensation Law § 114-a by failing to report work that he had performed while receiving benefits, and assessed the mandatory penalty of forfeiture of benefits attributable to his misrepresentations and the discretionary penalty of disqualification from receiving future wage replacement benefits. Claimant appeals.
"[A] claimant who, for the purpose of obtaining disability compensation, or to influence any determination related to the payment thereof, 'knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation'" (Matter of Galeano v International Shoppes, 171 AD3d 1416, 1417-1418 [2019], quoting Workers' Compensation Law § 114-a [1]; see Matter of Ringelberg v John Mills Elec., Inc., 195 AD3d 1332, 1333 [2021]; Matter of Horn v New York City Tr. Auth., 187 AD3d 1266, 1268 [2020], lv denied 36 NY3d 903 [2020]). Notably, "an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Kodra v Mondelez Intl., Inc., 145 AD3d 1131, 1133 [2016]; see Matter of Angora v Wegmans Food Mkts., Inc., 171 AD3d 1419, 1420 [2019]). "Whether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Barros v John P. Picone, Inc., 188 AD3d 1397, 1399 [2020] [internal quotation marks and citations omitted]).
The record reflects that claimant represented on WA-1 forms submitted to the carrier dated September 7, 2018, December 10, 2018, February 7, 2019 and May 16, 2019 that he had not engaged in any work for any employer or for his own business since the date of the accident.[FN1] Claimant's hearing testimony and his social media posts reflect, however[*2], that he had performed side jobs, including concrete work, plaster work and painting between June 2018 and April 2019 for which he was paid. Claimant further testified that he was not sure if he had informed any medical providers or the carrier of the work activities in question. In light of the foregoing, the Board's determination that claimant's failure to disclose his work activities constituted a knowing misrepresentation in violation of Workers' Compensation Law § 114-a is supported by substantial evidence and will not be disturbed (see Matter of Kornreich v Elmont Glass Co., Inc., 194 AD3d 1322, 1323 [2021]; Matter of Horn v New York City Tr. Auth., 187 AD3d at 1268; Matter of Clarke v Lomasney Combustion, Inc., 26 AD3d 604, 605 [2006]). To the extent that claimant relies on exculpatory evidence, this created a credibility issue for the Board's resolution (see Matter of Kornreich v Elmont Glass Co., Inc., 194 AD3d at 1323).
Claimant also challenges the penalties imposed by the Board. As to the mandatory penalty, substantial evidence does not support the Board's determination that the penalty applies to the entire period of claimant's lost wages. The first instance in the record of a false statement or misrepresentation made by claimant that was directly attributable to wage replacement benefits is the September 7, 2018 WA-1 form in which he denied performing any work since the accident (see Matter of Martinez v Kingston City Sch. Dist., 140 AD3d 1421, 1423-1424 [2016]). Accordingly, the prior award of benefits to claimant should be rescinded only from September 7, 2018 to April 29, 2019 (see id. at 1424). Turning to the discretionary penalty of disqualifying claimant from receiving future wage replacement benefits, given the Board's conclusion that claimant's failure to report his work activity was "ongoing and egregious" in that it resulted in awards being paid at a higher rate, the penalty was not disproportionate to his misrepresentations (see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 267 [2003]; Matter of Kornreich v Elmont Glass Co., Inc., 194 AD3d at 1323-1324; Matter of Poupore v Clinton County Hwy. Dept., 138 AD3d 1321, 1324 [2016]). Claimant's remaining contentions have been considered and found to be without merit.
Egan Jr., J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as directed the recission of benefits received by claimant prior to September 7, 2018; benefits are rescinded from September 7, 2018 to April 29, 2019; and, as so modified, affirmed.

Footnotes

Footnote 1: Claimant returned to work for the employer on April 29, 2019.