Matter of Qureshi v Rite Aid Corp. (2025 NY Slip Op 06230)

Matter of Qureshi v Rite Aid Corp.

2025 NY Slip Op 06230

Decided on November 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 13, 2025

CV-23-2455
[*1]In the Matter of the Claim of Abid A. Qureshi, Appellant,
v
Rite Aid Corporation et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 7, 2025

Before:Garry, P.J., Lynch, Ceresia, Fisher and Mackey, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Vecchione, Vecchione & Cano, LLP, Garden City Park (Michael F. Vecchione of counsel), for Rite Aid Corporation and another, respondents.

Fisher, J.
Appeal from a decision of the Workers' Compensation Board, filed December 4, 2023, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving future indemnity benefits.
Claimant established a workers' compensation claim for various physical injuries stemming from a February 2017 work-related accident and was awarded benefits at a temporary partial disability rate. Subsequently, claimant established a second workers' compensation claim for work-related major depressive disorder stemming from harassment and discrimination in the workplace, which, as reported by claimant, caused him to be socially withdrawn and reluctant to be with other individuals, and received workers' compensation benefits.[FN1] Following a review of claimant's tax returns and an investigation into his social media accounts, the employer's workers' compensation carrier alleged that claimant violated Workers' Compensation Law § 114-a, asserting that continued receipt of workers' compensation benefits in connection with both claims should be precluded. At the conclusion of an ensuing hearing at which claimant and the carrier's investigators testified, the Workers' Compensation Law Judge, in two separate decisions, concluded that, with regard to both claims, claimant violated Workers' Compensation Law § 114-a and imposed a mandatory penalty and a discretionary penalty of loss of future benefits.[FN2] In considering both claims together, the Workers' Compensation Board, other than modifying the disqualification periods of the mandatory penalties, affirmed the decisions. Claimant appeals.
We affirm. Pursuant to Workers' Compensation Law § 114-a, a claimant who knowingly makes a false statement or misrepresentation of a material fact in order to obtain workers' compensation benefits or to influence any determination regarding such benefits shall be disqualified from receiving any compensation directly attributable to such false statement or representation (see Matter of Alzate v Quality Bldg. Servs. Corp., 238 AD3d 1437, 1438 [3d Dept 2025]; Matter of Carpenter v Albany Dialysis Ctr., 235 AD3d 1048, 1049 [3d Dept 2025]). "Whether a claimant has violated the statute lies within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Tirado v Symphony Space, Inc., 236 AD3d 1250, 1251 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Carpenter v Albany Dialysis Ctr., 235 AD3d at 1049-1050).
Although claimant testified that he had not returned to work in any capacity after leaving employment in March 2017 due to the harassment and discriminatory conduct forming the basis of the workers' compensation claim for the psychological injury, his 2018, 2019 and 2020 tax returns reflect that he was employed and earned income from various businesses. Notably, claimant is co-owner in multiple businesses [*2]with his wife, including an ice cream franchise, as well as a co-owner in a business with his brother. The Board found unconvincing claimant's testimony that he was not involved in the operation of nor did he receive any income from those businesses. Specifically, claimant's 2018 tax return indicates that he "materially participate[d]" in the operation of one such business. Although claimant testified that his wife — who had full-time employment elsewhere — oversaw the business operations of the ice cream franchise, as well as the other businesses, by herself with no involvement from claimant, the Board found such testimony unpersuasive given, among other things, that, with respect to the ice cream business, claimant was a signatory on the business account and promoted the business on his social media account.
Moreover, nothing in the record indicates that claimant disclosed his entrepreneurial endeavors to his medical providers. To this point, despite the fact that claimant reported during his psychiatric evaluations that he was socially withdrawn and reluctant to leave his home, this is contradicted by an investigation into claimant's social media posts, which reflect that claimant engaged in numerous trips, including to Pakistan and Florida, and participated in various activities with family and friends — including at renowned theme parks.
Given the evidence that contradicted claimant's testimony, and deferring to the Board's credibility determinations, we find that substantial evidence supports the Board's finding that claimant's failure to disclose his numerous business and travel activities constituted a material misrepresentation in order to receive workers' compensation benefits, and the Board's decision that claimant violated Workers' Compensation Law § 114-a will not be disturbed (see Matter of Tirado v Symphony Space, Inc., 236 AD3d at 1252-1253; Matter of Giglia v SUNY Buffalo-Union, 204 AD3d 1287, 1288 [3d Dept 2022]; Matter of Horn v New York City Tr. Auth., 187 AD3d 1266, 1268 [3d Dept 2020], lv denied 36 NY3d 903 [2020]; Matter of Teabout v Albany County Sheriff's Dept., 182 AD3d 709, 710 [3d Dept 2020]).
Garry, P.J., Lynch, Ceresia and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant's workers' compensation claim for a psychological injury was initially denied by the Workers' Compensation Board. Upon appeal, this Court reversed the Board's decision and remitted that matter for further proceedings (187 AD3d 1258 [3d Dept 2020]). Upon remittal, the Board, affirming the decision of the Workers' Compensation Law Judge, established the claim for a psychological injury (Employer: Rite Aid Corp., 2021 NY Wrk Comp LEXIS 123 [WCB No. 178 1168, Mar. 31, 2021]).

Footnote 2: The decision of the Workers' Compensation Law Judge related to claimant's violation of Workers' Compensation Law § 114-a in connection with his established psychological injury claim does not appear in the instant record.