*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 29, 2016                    522265
_____

In the Matter of the Claim of
    ROBERT ADAMS,
                            Appellant,

        v
                                            MEMORANDUM AND ORDER

BLACKHORSE CARRIERS, INC.,
    et al.,
                            Respondents.

WORKERS' COMPENSATION BOARD,
                            Respondent.
_____

Calendar Date:   September 6, 2016

Before:  Peters, P.J., McCarthy, Lynch, Rose and Clark, JJ.

                        _____


        Walter D. Kogut, Fayetteville, for appellant.

        Wolff, Goodrich & Goldman, LLP, Syracuse (Robert E. Geyer
Jr. of counsel), for Blackhorse Carriers, Inc. and another,
respondents.

                        _____


Clark, J.

        Appeal from a decision of the Workers' Compensation Board,
filed March 9, 2015, which ruled, among other things, that
claimant violated Workers' Compensation Law § 114-a and
disqualified him from receiving future workers' compensation
benefits.

        Claimant sustained a compensable injury to his lower back
in December 2007 and was awarded workers' compensation benefits
from January 14, 2008 to March 1, 2008 and from March 13, 2008 to

September 7, 2010.  In November 2009, claimant was convicted of criminal sale of a controlled substance in the third degree and, on September 7, 2010, he was sentenced to a prison term of three years.  Claimant did not receive workers' compensation benefits during his incarceration.

Upon his release from prison, claimant sought reinstatement of his wage replacement benefits, and the employer requested that any award of benefits be held in abeyance pending a determination of its allegation that claimant had violated Workers' Compensation Law § 114-a.  Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant had violated Workers' Compensation Law § 114-a (1) by testifying at a June 30, 2010 hearing that he had not received any income while receiving wage replacement benefits when he had already been convicted for criminal sale of a controlled substance in the third degree.  The WCLJ imposed the mandatory penalty rescinding the award of workers' compensation benefits to claimant from May 26, 2009 to September 7, 2010 and a discretionary penalty disqualifying claimant from receiving any future wage replacement benefits for his claim.  Upon administrative appeal, the Workers' Compensation Board upheld the WCLJ's determination that claimant had violated Workers' Compensation Law § 114-a (1) and the discretionary penalty imposed, but modified the mandatory penalty imposed to rescind only the award of benefits received after June 30, 2010 on the basis that the benefits awarded after that date were directly attributable to claimant's misrepresentation at the June 30, 2010 hearing.  Claimant now appeals.

Workers' Compensation Law § 114-a (1) provides that, "[i]f for the purpose of obtaining compensation . . . or for the purpose of influencing any determination regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statements or representations" (see Matter of Martinez v Kingston City School Dist., 140 AD3d 1421, 1422 [2016]; Matter of Hadzaj v Harvard Cleaning Serv., 77 AD3d 1000, 1001 [2010], lv denied 16 NY3d 702 [2011]).  In addition to rescinding compensation already paid, the Board has the

discretionary authority to disqualify the claimant from receiving any future wage replacement benefits regardless of "whether or not the claimant is subject to the mandatory penalty," even if the claimant has suffered a compensable injury (Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265-266 [2003]; see Matter of Church v Arrow Elec., Inc., 69 AD3d 983, 984 [2010]). "'The Board is the sole arbiter of witness credibility and its determination that claimant violated Workers' Compensation Law § 114-a will be upheld if supported by substantial evidence'" (Matter of Petrillo v Comp USA, 131 AD3d 1282, 1283 [2015], quoting Matter of Hammes v Sunrise Psychiatric Clinic, Inc., 66 AD3d 1252, 1252 [2009]; accord Matter of Tangorre v Tech Home Elec., LLC, 124 AD3d 1183, 1184 [2015]).

When questioned at the June 2010 hearing as to whether he had worked since April 21, 2009 or received any income other than workers' compensation benefits since then, claimant represented that he had not, despite having been convicted of criminal sale of a controlled substance based on his conduct in May 2009 while receiving workers' compensation benefits. Moreover, claimant testified at the disqualification hearing that he received drugs as compensation for his participation in the May 2009 sale. Inasmuch as the Board is the sole and final arbiter of witness credibility and entitled to reject claimant's exculpatory testimony that his criminal activity was not work (see Matter of Cruz v Buffalo Bd. of Educ., 138 AD3d 1316, 1318 [2016]), the Board's determination that claimant violated Workers' Compensation Law § 114-a (1) by making a false representation regarding material facts for the purpose of obtaining wage replacement benefits is supported by substantial evidence (see Matter of Losurdo v Asbestos Free, 1 NY3d at 266; Matter of Johnson v New York State Dept. of Transp., 305 AD2d 927, 928 [2003]).

We also reject claimant's contention that his due process rights were violated because he was not provided with adequate notice of the false statement that formed the basis of the employer's allegation that he had violated Workers' Compensation Law § 114-a (1), and, thus, was denied a fair opportunity to prepare for his testimony. Both claimant and his attorney were informed by the WCLJ prior to the disqualification hearing that

there was an issue of whether claimant violated Workers' Compensation Law § 114-a (1) based upon claimant's incarceration for the criminal sale of a controlled substance (cf. Matter of Schuss v Delta Airlines, Inc., 120 AD3d 850, 851-852 [2014]; Matter of Dishaw v Midas Serv. Experts, 27 AD3d 921, 921 [2006]). Furthermore, claimant was represented by the same counsel throughout the relevant proceedings – who also had access to the transcripts of those proceedings – and claimant was provided with ample opportunity at the disqualification hearing before the WCLJ to address the issue of whether he knowingly misrepresented material facts (see Matter of Robbins v Mesivtha Tifereth Jerusalem, 60 AD3d 1166, 1167 [2009]).

Turning to the mandatory penalty imposed, the Board properly rescinded the prior award of workers' compensation benefits to claimant from June 30, 2010 to September 7, 2010, as such benefits were "directly attributable" to claimant's knowing misrepresentation of a material fact (Workers' Compensation Law § 114-a [1]). As for the discretionary sanction of disqualifying claimant from receiving future wage replacement benefits relating to the underlying workers' compensation claim, based upon the Board's finding that the nature of claimant's misrepresentation and conduct was "egregious," the Board is specifically authorized under the statute to impose such a penalty, and we decline to disturb it (see Matter of Losurdo v Asbestos Free, 1 NY3d at 266-267; Matter of Poupore v Clinton County Hwy. Dept., 138 AD3d 1321, 1324 [2016]; Matter of Lopresti v Washington Mills, 23 AD3d 725, 726 [2005]).

Peters, P.J., McCarthy, Lynch and Rose, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court