*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    November 17, 2016                    522945
_____

In the Matter of the Claim of
    FERNANDO CALDERON,
                        Appellant,

        v
                                            MEMORANDUM AND ORDER
NEW YORK CITY DEPARTMENT OF
    CORRECTIONS,
                        Respondent.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:    October 12, 2016

Before:    Peters, P.J., McCarthy, Lynch, Rose and Mulvey, JJ.

_____

        Rella & Associates, PC, Sleepy Hollow (Stuti S. Desai of
counsel), for appellant.

        Zachary W. Carter, Corporation Counsel, New York City (Gati
J. Dalal of counsel), for New York City Department of
Corrections, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for Workers' Compensation Board,
respondent.

_____

McCarthy, J.

        Appeal from a decision of the Workers' Compensation Board,
filed August 18, 2015, which ruled, among other things, that
claimant violated Workers' Compensation Law § 114-a and
disqualified him from receiving further workers' compensation

benefits.

Claimant was awarded workers' compensation benefits based upon injuries he suffered at work to both his hands and his right foot in October 2012.  Thereafter, his treating physician opined that claimant had a schedule loss of use attributable to the 2012 injuries of 15% in each hand and 22.5% in his right foot.  An independent medical examiner found that claimant had a 15% schedule loss of use of his left hand and a 10% schedule loss of use of his right hand and foot.  The employer raised the issue that claimant had violated Workers' Compensation Law § 114-a (1) by failing to disclose his prior injuries and schedule loss of use awards on his application for benefits or to his physician.  Claimant's counsel thereafter submitted an addendum from claimant's physician, who had reevaluated claimant in light of the prior injuries, maintaining the 15% schedule loss of use of both hands, but apportioning 3.5% of the loss of use of the right hand and 2.5% of the loss of use of the left hand to the October 2012 injury, with the remainder apportioned to prior injuries.  A second addendum was submitted two months later, in which the physician opined that claimant had a total schedule loss of use of 26.5% of the right hand and 33% of the left hand, of which 15% was attributable to the October 2012 injuries to each hand.

Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had a 15% schedule loss of use of both hands and a 10% schedule loss of use of his right foot.  The WCLJ also determined that claimant had violated Workers' Compensation Law § 114-a (1) by failing to list his prior injuries on his application or inform the medical providers of the injuries and disqualified him from receiving current and future compensation benefits.  The WCLJ also assessed both claimant and his counsel a $500 penalty pursuant to Workers' Compensation Law § 114-a (3) (i) and (ii) for continuing the proceeding without reasonable grounds – based upon the submission of the treating physician's second addendum with knowledge that it "contained bogus figures."  Claimant's counsel was also assessed two other $500 penalties under that statute – for raising allegations that the employer should be assessed a penalty pursuant to Workers' Compensation Law § 114-a (3) (ii) and for counsel's actions regarding the deposition of the

independent medical examiner. The Workers' Compensation Board affirmed this decision and claimant now appeals.

"The Board's determination as to whether a claimant has made a material misrepresentation in violation of Workers' Compensation Law § 114-a will not be disturbed if supported by substantial evidence" (Matter of Hamza v Steinway & Sons, 88 AD3d 1033, 1033 [2011] [citations omitted]; see Matter of Poulton v Griffin Mfg. Co., 102 AD3d 1071, 1071 [2013]). Claimant admitted that he did not disclose the prior injuries on his benefits application or to any medical providers, despite being asked and despite the fact that he had several prior injuries and schedule loss of use awards regarding his hands prior to the October 2012 injuries, including an injury that occurred earlier in 2012. Given claimant's failure to disclose his previous injuries and the related schedule loss of use awards, the Board's determination that he made a material misrepresentation in violation of Workers' Compensation Law § 114-a (1) is supported by substantial evidence and will not be disturbed (see Matter of Siddon v Advance Energy Tech., 98 AD3d 1202, 1203 [2012]; Matter of Poli v Taconic Correctional Facility, 83 AD3d 1339, 1340 [2011]).

Regarding the penalties assessed, the Board may assess costs and fees against a party or counsel who institutes or continues a proceeding in respect of a claim without reasonable ground (see Workers' Compensation Law § 114-a [3] [i], [ii]) and the Board's imposition of a penalty under this statute will not be disturbed if supported by substantial evidence (see Matter of Banton v New York City Dept. of Corr., 112 AD3d 1195, 1196 [2013]). Here, the Board assessed $500 penalties against both claimant and his counsel for submitting the second addendum prepared by claimant's physician. While the Board rejected that medical opinion, we do not find substantial evidence in the record supporting its determination that the physician's opinion as to claimant's schedule loss of use "constituted a knowingly false statement" by claimant or his counsel.

As to the remaining penalties assessed against claimant's counsel, we find that substantial evidence in the record supports the Board's assessment of the $500 penalty for raising unsupported and unsubstantiated allegations that the employer, by accusing claimant of making misrepresentations by failing to inform the medical providers of his prior injuries, should be assessed a penalty pursuant to Workers' Compensation Law § 114-a (3) (ii) and requesting a hearing on that issue. Finally, in our view, counsel's actions regarding the independent medical examiner's deposition, including the failure to participate in the deposition, do not constitute the institution or continuation of a proceeding in order to assess a penalty under the statute. Claimant's remaining contentions have been considered and found to be without merit.

Peters, P.J., Lynch, Rose and Mulvey, JJ., concur.


ORDERED that the decision is modified, without costs, by reversing so much thereof as (1) assessed a penalty of $500 against claimant and claimant's counsel pursuant to Workers' Compensation Law § 114-a (3) (i) and (ii) for submitting the physician's second addendum and (2) assessed a $500 penalty against claimant's counsel pursuant to Workers' Compensation Law § 114-a (3) (ii) regarding the independent medical examiner's deposition, and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court