Matter of Williams v New York City Dept. of Corr. (2020 NY Slip Op 06425)





Matter of Williams v New York City Dept. of Corr.


2020 NY Slip Op 06425


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

529891

[*1]In the Matter of the Claim of Ian Williams, Appellant,
v
New York City Department of Corrections et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: October 20, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Rella & Associates, PC, Sleepy Hollow (Michael Catallo of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York City (Levi Grosswald of counsel), for New York City Department of Corrections and another, respondents.



Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed August 1, 2019, which ruled that claimant violated Workers' Compensation Law § 114—a and imposed a penalty.
In May 2017, claimant slipped and fell in the course of his employment as a correction officer and obtained workers' compensation benefits for an injury to his left ankle. In September 2018, claimant submitted a request for further action based upon a report concluding that he had sustained a 40% schedule loss of use (hereinafter SLU) of his left foot. Claimant then submitted to an independent medical examination (hereinafter IME) and, in connection therewith, filled out a questionnaire regarding his injury and medical history. In response to a question asking if he had "ever had a similar condition or prior accident," claimant checked "No." Further, under the questionnaire section entitled "Past Medical History," claimant disclosed no specific injury, responding instead, "Due to the violent and dangerous work I perform, I simply cannot accurately recall all the time that I suffered an injury in my lifetime. However[,] in the spirit of full cooperation, I have filed a C-3.3[,] which allows the City of [New York] upon their request to access my medical history[,] including prior and subsequent injuries to aid you in this exam." Following the IME, the medical examiner opined that claimant had a 25% SLU of his left ankle.
The self-insured employer thereafter raised the issue of whether claimant's responses to the questionnaire violated Workers' Compensation Law § 114-a in light of proof that he had again injured his left ankle in 2018. A hearing ensued, at which the Workers' Compensation Law Judge (hereinafter WCLJ) precluded claimant from producing a permanency report regarding an SLU because the submitted report was not filed on the requisite form, was unsigned and made no reference to a physician. The WCLJ also struck the self-insured employer's IME report for failure to comply with Workers' Compensation Law § 137. The WCLJ further found that claimant violated Workers' Compensation Law § 114-a by failing to disclose two subsequent injuries to his left ankle and, finding claimant's conduct egregious, permanently barred him from receiving workers' compensation benefits on the instant claim in addition to the mandatory penalty. Upon administrative appeal, the Workers' Compensation Board affirmed. Claimant appeals.
We affirm. Workers' Compensation Law § 114-a (1) provides that a claimant who, for the purpose of either obtaining workers' compensation benefits or influencing any determination relating thereto, "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation." A fact will be deemed "material . . . so long as it is significant or essential to the issue or matter at hand" (Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003] [internal quotation marks and citation omitted]; see Matter of Teabout v Albany County Sheriff's Dept., 182 AD3d 709, 709 [2020], and "[a]n omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Sidiropoulos v Nassau Intercounty Express, 178 AD3d 1266, 1267 [2019] [internal quotation marks and citation omitted]; accord Matter of Smith v Rochester-Genesee Regional Transp. Auth., 174 AD3d 1264, 1267 [2019]).
In providing information on the questionnaire about his medical history, claimant used canned language to suggest that he was unable to recall any prior or subsequent injuries given the numerous injuries that he had sustained during his employment. Claimant also denied having any similar condition or receiving physical therapy. During his testimony, however, claimant admitted that he reinjured his left ankle in 2018 and had engaged in physical therapy just days before attending the IME. Claimant's assertion that he was unable to recall recent injuries and medical treatment occurring days before the IME was, understandably, discredited by the Board. In view of the foregoing, we find that substantial evidence supports the Board's decision that claimant violated Workers' Compensation Law § 114-a by failing to disclose his subsequent injuries and medical treatment to his left ankle (see Matter of Teabout v Albany County Sheriff's Dept., 182 AD3d at 710; Matter of Smith v Rochester-Genesee Regional Transp. Auth., 174 AD3d at 1268; Matter of Calderon v New York City Dept. of Corr., 144 AD3d 1382, 1383 [2016]). We have reviewed claimant's remaining contentions, including that the permanency report was improperly precluded and that he did not receive a fair hearing, and find them to be without merit.
Garry, P.J., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.