Matter of Lopez v Clean Air Quality Servs. Inc. (2021 NY Slip Op 05374)





Matter of Lopez v Clean Air Quality Servs. Inc.


2021 NY Slip Op 05374


Decided on October 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 7, 2021

531810
[*1]In the Matter of the Claim of Joseph Lopez, Appellant,
v
Clean Air Quality Services Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Law Offices of Ernest L. Harris, LLP, Newburgh (Ernest L. Harris of counsel), for appellant.
Walsh and Hacker, Albany (Matthew C. Kidd of counsel), for Clean Air Quality Services Inc. and another, respondents.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed March 18, 2020, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and imposed penalties.
In May 2014, claimant, an HVAC technician, sustained a work-related injury to his right hand while preparing HVAC equipment for repair. Claimant's workers' compensation claim was established for injuries to his right hand and right index finger, as well as consequential right hand complex regional pain syndrome and exacerbation of anxiety and depression, and he was awarded indemnity benefits. Thereafter, in connection with an August 25, 2014 independent medical examination (hereinafter IME) of claimant by Louis Nunez, an orthopedic surgeon, claimant's wife filled out an intake questionnaire regarding claimant's injuries and medical history, which claimant then signed. In response to the question asking if claimant "had any subsequent injuries or accidents" since the instant accident, claimant's wife answered, "Back pain." Claimant, however, had been involved in a roll-over motor vehicle accident in June 2014 and was hospitalized overnight. The emergency department admissions assessment noted that claimant had a right arm abrasion, among other injuries. Subsequently, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) alleged that claimant violated Workers' Compensation Law § 114-a by failing to, among other things, disclose during the IME that he was involved in a motor vehicle accident.
Following a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had violated Workers' Compensation Law § 114-a and imposed a discretionary penalty of a reduction in ongoing indemnity benefits of $400 per week for 26 weeks. On administrative appeal, the Workers' Compensation Board, by decision dated March 18, 2020, modified the WCLJ's decision by increasing the mandatory penalty of disqualification from indemnity benefits from August 25, 2014 to July 16, 2019, i.e., the date of the Nunez IME through the date of the hearing at which claimant and his wife testified. Finding claimant's conduct sufficiently egregious, the Board also permanently disqualified him from receiving future indemnity benefits. Claimant's subsequent application for reconsideration and/or full Board review was denied. Claimant appeals from the Board's March 18, 2020 decision.
Claimant does not challenge the finding that he violated Workers' Compensation Law § 114-a, but argues that the mandatory and discretionary penalties imposed are inappropriate. With respect to the mandatory penalty, the Board relied on the fact that, at the IME with Nunez, claimant failed to disclose on the intake questionnaire his involvement in the June 2014 motor vehicle accident. In his ensuing report, Nunez diagnosed claimant with a crush injury to the right hand and opined that claimant had a moderate partial disability solely [*2]due to the work-related accident, with no reference to the motor vehicle accident. In addition, the Board discredited the explanation of claimant's wife that she did not understand the word "subsequent" on the intake questionnaire, particularly when she answered "No" to a comparable question on an intake questionnaire at a second IME with Nunez in December 2014. As the record demonstrates a link between the failure to disclose the motor vehicle accident that was "directly attributable" to the receipt of the award, we find no basis to disturb the Board's recission of indemnity benefits from August 25, 2014 to July 16, 2019 (Workers' Compensation Law § 114-a [1]; see Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d 1273, 1275 [2016]).
To the extent that claimant challenges the discretionary penalty, "judicial review of an administrative penalty is limited to whether the penalty constitutes an abuse of discretion as a matter of law and, as such, a penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Barros v John P. Picone, Inc., 188 AD3d 1397, 1400 [2020] [internal quotation marks, brackets, ellipses and citations omitted]; see Matter of Dunleavy v Federated Fire Protection [Turner Constr.], 192 AD3d 1303, 1305-1306 [2021]). The Board explained that the conduct of claimant's wife — a high school graduate who had attended college for nine months — falsely testifying at the hearing, together with claimant's failure to disclose the motor vehicle accident at any IME, was so egregious that a permanent disqualification was warranted. As the Board sufficiently set forth its reasons for finding egregious conduct, we find no abuse of the Board's discretion of permanently disqualifying claimant from future indemnity benefits (see Matter of Williams v New York City Dept. of Corr., 188 AD3d 1382, 1383-1384 [2020]; Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d at 1275; Matter of Siddon v Advance Energy Tech., 98 AD3d 1202, 1203 [2012]; Matter of Poli v Taconic Corr. Facility, 83 AD3d 1339, 1340 [2011]).
Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.