Matter of Ali v New York City Dept. of Corr. (2022 NY Slip Op 03296)





Matter of Ali v New York City Dept. of Corr.


2022 NY Slip Op 03296


Decided on May 19, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 19, 2022

532578
[*1]In the Matter of the Claim of Mohammed Ali, Appellant,
v
New York City Department of Correction et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 26, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Schotter, Millican, Sinaniyeva & Masilela, LLP, New York City (Geoffrey Schotter of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York City (Leneer Hutchinson of counsel), for New York City Department of Correction and another, respondents.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed November 12, 2020, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving future wage replacement benefits.
Claimant, a correction officer, filed two C-3 forms alleging that he sustained work-related injuries after being assaulted by an incarcerated individual. On the C-3 completed by claimant, claimant alleged that he sustained injuries to his head, neck, face and back and affirmatively denied any prior injuries to those body parts. The C-3 completed by claimant's counsel alleged additional injuries to claimant's hands, arms, shoulders and hips, and no response was provided with respect to whether claimant had sustained prior injuries to those locations. The claim ultimately was established for posttraumatic stress and injuries to claimant's head, neck, face, back, both hands, both shoulders and both hips.
Following independent medical examinations and the depositions of various providers, the employer and its workers' compensation carrier raised the issue of a Workers' Compensation Law § 114-a violation based upon claimant's failure to disclose work-related injuries that he sustained in 1998 and 2002, for which he received schedule loss of use awards. After hearing claimant's testimony in this regard, a Workers' Compensation Law Judge ruled that claimant violated Workers' Compensation Law § 114-a, disqualified claimant from receiving wage replacement benefits from July 31, 2014 to May 20, 2020 and imposed a discretionary penalty permanently disqualifying claimant from receiving future wage replacement benefits. Upon administrative review, the Workers' Compensation Board affirmed, prompting this appeal by claimant.
We affirm. "A claimant who, for the purpose of obtaining workers' compensation benefits, knowingly makes a false statement or representation as to a material fact shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (Matter of Ortiz v Calvin Maintenance, 199 AD3d 1211, 1212 [2021] [internal quotation marks, brackets, ellipsis and citations omitted]; see Workers' Compensation Law § 114-a [1]; Matter of Reyes v H & L Iron Works Corp., 203 AD3d 1426, 1426-1427 [2022]; Matter of Williams v New York City Dept. of Corr., 188 AD3d 1382, 1383 [2020]). "A fact will be deemed material so long as it is significant or essential to the issue or matter at hand, and an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Williams v New York City Dept. of Corr., 188 AD3d at 1383 [internal quotation marks, ellipsis and citations omitted]; see Matter of Ortiz v Calvin Maintenance, 199 AD3d at 1212; Matter of Young v Acranom Masonary Inc., 193 AD3d 1315, 1316 [2021]). "Whether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter [*2]of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Kornreich v Elmont Glass Co., Inc., 194 AD3d 1322, 1323 [2021] [internal quotation marks and citations omitted]; accord Matter of Ringelberg v John Mills Elec., Inc., 195 AD3d 1332, 1333 [2021]; Matter of Sanchez v US Concrete, 194 AD3d 1287, 1288 [2021]). As to penalty, in addition to rescinding any workers' compensation benefits already paid, the Board may — as an exercise of its discretion — disqualify a claimant from receiving future benefits (see Matter of Barros v John P. Picone, Inc., 188 AD3d 1397, 1398-1399 [2020]; Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d 1273, 1274 [2016]).
There is no question that claimant consistently failed to disclose the work-related accidents that occurred in 1998 and 2002, which resulted in injuries to, among other sites, his right arm and for which he received schedule loss of use awards. No mention of these accidents was made on either of the C-3 forms filed in this matter, and, although claimant did disclose — in the context of his past medical history — the injuries that he sustained during two incidents that occurred in 2011, he failed to advise any of the treating or evaluating physicians of the injuries that he suffered in either 1998 or 2002. When asked why the C-3 forms contained either inaccurate or incomplete information, claimant indicated that he either did not read the relevant question or just signed the form as instructed by counsel. When asked why he did not disclose the 1998 and 2002 injuries or awards to any of the relevant physicians, claimant testified that he thought "those accidents [were] old" and/or occurred "too long ago" to be considered important. Claimant further testified that he did not think that he needed to mention the prior injuries or awards because they "already [were] in the . . . workers' compensation system." The Board was free to reject claimant's self-serving explanations (see generally Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d at 1274-1275) and, in light of claimant's admitted failure to disclose the 1998 and 2002 incidents and resulting injuries, substantial evidence supports the Board's finding that claimant's misrepresentations and/or omissions constituted a violation of Workers' Compensation Law § 114-a (see Matter of Williams v New York City Dept. of Corr., 188 AD3d at 1383-1384; Matter of Kodra v Mondelez Intl., Inc., 145 AD3d 1131, 1133 [2016]). Accordingly, rescission of the benefits previously awarded was proper.
As to the discretionary penalty imposed, it is well settled that "judicial review of an administrative penalty is limited to whether the penalty constitutes an abuse of discretion as a matter of law and, as such, a penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Barros [*3]v John P. Picone, Inc., 188 AD3d at 1400 [internal quotation marks, brackets, ellipses and citations omitted]; accord Matter of Lopez v Clean Air Quality Servs. Inc., 198 AD3d 1038, 1039 [2021]; see Matter of Young v Acranom Masonary Inc., 193 AD3d at 1317). Here, the Board expressly found that claimant's lack of candor was sufficiently egregious to warrant the discretionary penalty of permanent disqualification from receiving wage replacement benefits and, as the record as a whole supports this finding, we will not disturb it (see Matter of Kornreich v Elmont Glass Co., Inc., 194 AD3d at 1323-1324; Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d at 1275). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P, Lynch, Aarons and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, without costs.