Matter of Yolas v New York City Tr. Auth. (2024 NY Slip Op 00954)

Matter of Yolas v New York City Tr. Auth.

2024 NY Slip Op 00954

Decided on February 22, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 22, 2024

CV-22-1903
[*1]In the Matter of the Claim of Ricardo Yolas, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:January 18, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Mackey, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey H. Schotter of counsel), for appellant.
Jones Jones LLC, New York City (Stacee S. Vaikness of counsel), for New York City Transit Authority, respondent.

Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed September 14, 2022, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving future indemnity benefits.
In 2016, claimant, a car inspector and mechanic, filed a claim for workers' compensation benefits alleging that he sustained work-related injuries arising out of the repetitive use of his right shoulder and both knees. The claim was thereafter established for repetitive stress injuries to both shoulders and knees, with a date of disablement of October 20, 2014, and indemnity payments ensued. Upon claimant being evaluated for permanency and issuance of a notice regarding a possible award for a permanent injury, the self-insured employer, among other things, requested a hearing to address claimant's preexisting injuries and conditions. At a subsequent August 2021 hearing, the employer disclosed the existence and its possession of surveillance video and alleged that claimant violated Workers' Compensation Law § 114-a by misrepresenting his physical condition (i.e., range of motion) during his permanency evaluation and by failing to report and disclose work activity that he performed following his retirement. Following a hearing on the alleged Workers' Compensation Law § 114-a violation, which included testimony from claimant and an investigator retained by the employer, a Workers' Compensation Law Judge found that claimant deliberately misrepresented his physical condition during an independent medical examination and therefore violated Workers' Compensation Law § 114-a. Upon administrative review, the Workers' Compensation Board affirmed, finding that claimant violated Workers' Compensation Law § 114-a by failing to disclose his physical abilities and by continuing to work since his retirement in 2014 while simultaneously collecting benefits. The Board, in addition to a mandatory penalty, also found that claimant's misrepresentations were sufficiently egregious to warrant imposition of a discretionary penalty that permanently disqualified claimant from receiving any future indemnity benefits. Claimant appeals.
We affirm. "Workers' Compensation Law § 114-a (1) provides, in relevant part, that a claimant who, for the purpose of obtaining workers' compensation benefits or influencing any determination relative thereto, knowingly makes a false statement or representation as to a material fact shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (Matter of Koratzanis v U.S. Concrete, Inc., 209 AD3d 1075, 1076 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003]; Matter of Belfiore v Penske Logistics LLC, 209 AD3d 1095, 1096 [3d Dept 2022]). "A fact will be deemed material so long as it is significant or essential to the issue or matter at hand, and an omission of material information may constitute a knowing [*2]false statement or misrepresentation" (Matter of Nappi v Verizon N.Y., 205 AD3d 1181, 1182 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Peck v Donaldson Org., 191 AD3d 1078, 1079 [3d Dept 2021]). "Whether a claimant has violated the statute lies within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Koratzanis v U.S. Concrete, Inc., 209 AD3d at 1076-1077 [internal quotation marks and citations omitted]; accord Matter of Barros v John P. Picone, Inc., 188 AD3d 1397, 1399 [3d Dept 2020]).
In May 2021, Frank Hudak, a physician, conducted an independent medical examination of claimant on behalf of the employer. During that examination, claimant reported that he retired in 2014, that he experiences intermittent episodes of sharp pain in his shoulders particularly upon reaching or extending his shoulders, that he has increased pain in his right knee after walking a few miles and that he has morning stiffness in his left knee with occasional episodes of sharp pain in his left total knee replacement. Claimant also declined to complete a daily activities questionnaire during the examination, upon the advice of his counsel. Based upon his physical examination of claimant, which included range of motion measurements, a review of claimant's medical records and the impairment guidelines, Hudak concluded that claimant sustained a 30% schedule loss of use (hereinafter SLU) of the right shoulder, a 30% SLU of the left shoulder, a 35% SLU of the left knee and a 10% SLU of the right knee.
Although claimant reported to Hudak that he retired in 2014, claimant testified that he has continued to work in a family flooring business and that he had another job conducting movie audits. As to the flooring business, claimant testified that he assists his son with the flooring work and shows his son what to do during those jobs. Claimant also admitted that he did one flooring job by himself when his son was unavailable. Claimant explained that he loads buffing equipment in and out of his vehicle by himself prior to jobs. Claimant did not recall whether he told Hudak about his side jobs and could not recall whether he did other flooring jobs in other locations since his retirement. Although claimant testified that he does not have full range of motion with his left knee, which he stated does not bend regularly, the surveillance videos do not confirm any physical limitations. In this regard, the investigation of claimant — along with the investigative report received into evidence and the testimony from the private investigator — reflects that claimant had been working as a floor stripper and floor installer and that claimant had been doing work for one restaurant with regularity. Although claimant testified that he gave his best efforts during the independent medical examination and that he has "good days and bad days," claimant's [*3]testimony regarding whether he was truthful about his physical condition presented "a credibility issue for the Board to resolve," and claimant was also required throughout the underlying proceedings to provide truthful and accurate information regarding his work activities and side jobs (Matter of Poli v Taconic Correctional Facility, 83 AD3d 1339, 1340 [3d Dept 2011]). In view of the foregoing, substantial evidence supports the Board's determination that claimant violated Workers' Compensation Law § 114-a as well as the Board's finding that claimant's material omissions support the imposition a mandatory penalty (see Workers' Compensation Law § 114-a [1]; Matter of Kennedy v 3rd Track Constructors, 213 AD3d 1005, 1009 [3d Dept 2023]; Matter of Calderon v New York City Dept. of Corr., 144 AD3d 1382, 1383 [3d Dept 2016]; Matter of Dishaw v Midas Serv. Experts, 27 AD3d 921, 922 [3d Dept 2006]).
We also uphold the Board's disqualification of claimant from receiving future wage replacement benefits. "In addition to imposing the mandatory penalty, i.e., rescinding the workers' compensation benefits already paid, the Board is vested with the authority — as an exercise of its discretion — to disqualify a claimant from receiving any future benefits" (Matter of Nappi v Verizon N.Y., 205 AD3d at 1183 [citations omitted]). "The imposition of such discretionary penalty typically is reserved for situations where the underlying deception has been deemed egregious or severe, or there was a lack of mitigating circumstances" (Matter of Koratzanis v U.S. Concrete, Inc., 209 AD3d at 1077 [internal quotation marks and citations omitted]). "Judicial review of the penalty imposed is limited to whether the penalty constitutes an abuse of discretion as a matter of law and, as such, a penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (id. [internal quotation marks and citations omitted]). The Board explained the basis for imposing such penalty as it found that claimant "has continued to downplay the activities that he was involved in [since his retirement] and provided misleading testimony." Inasmuch as the record supports the Board's finding that such misrepresentations were egregious and severe enough to warrant disqualification, we cannot conclude that the penalty is disproportionate to claimant's material misrepresentations (see Matter of Ali v New York City Dept. of Corr., 205 AD3d 1247, 1250 [3d Dept 2022]; Matter of Peck v Donaldson Org., 191 AD3d at 1081; compare Matter of Spinelli v Cricket Val. Energy Ctr., 206 AD3d 1427, 1428 [3d Dept 2022]). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, Lynch, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.