Matter of Tirado v Symphony Space, Inc. (2025 NY Slip Op 01842)

Matter of Tirado v Symphony Space, Inc.

2025 NY Slip Op 01842

Decided on March 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 27, 2025

CV-22-2386
[*1]In the Matter of the Claim of Alejandro Tirado, Appellant,
v
Symphony Space, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 13, 2025

Before:Egan Jr., J.P., Clark, Lynch, Powers and Mackey, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Vecchione, Vecchione & Cano, LLP, Garden City Park (Michael F. Vecchione of counsel), for Symphony Space, Inc. and another, respondents.

Mackey, J.
Appeal from a decision of the Workers' Compensation Board, filed December 2, 2022, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving past and future wage replacement benefits.
Claimant, a maintenance worker, filed two claims for work-related injuries sustained in separate incidents in 2013, and he received wage replacement benefits and ongoing medical care. The first claim was established for injuries to his shoulders and right arm sustained at work on September 1, 2013 while he was painting. The second claim, designated as the lead claim, was established for injuries to his right ankle and consequential injuries to his lower back and left heel and for depression and anxiety, stemming from a tripping accident at work on December 2, 2013. Between 2018 and 2021, claimant underwent numerous independent medical examinations (hereinafter IMEs) by several physicians at the behest of the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier). At a hearing on July 29, 2021, the carrier disclosed that it possessed surveillance videos in support of its claim, as to both cases, that claimant had violated Workers' Compensation Law § 114-a by misrepresenting his physical capabilities to various treating and IME physicians, and claimant thereafter testified. The surveillance videos were recorded over 12 days between February 13, 2018 and March 4, 2021, at least five of which were recorded on a day that claimant underwent an IME, and they were ultimately submitted in evidence.
Following hearings and a review of the surveillance videos, the medical evidence, testimony and reports and claimant's testimony, among other evidence, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had misrepresented the scope and breath of his physical conditions at multiple IMEs and exaggerated his alleged disability, thereby violating Workers' Compensation Law § 114-a. The WCLJ imposed a mandatory penalty disqualifying claimant from wage replacement benefits for the period covered by the surveillance videos, i.e., forfeiture of benefits paid from February 13, 2018 through March 4, 2021. The WCLJ also found that claimant's protracted misrepresentations were egregious, warranting, as a discretionary penalty, a lifetime bar from wage replacement benefits on these claims. On administrative appeal, the Workers' Compensation Board independently reviewed the record and affirmed, adopting the WCLJ's findings and decision as those of the Board. Claimant appeals.
We affirm. Workers' Compensation Law § 114-a (1) provides, in pertinent part, that "[i]f for the purpose of obtaining compensation . . . or for the purpose of influencing any determination regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statement [*2]or representation."[FN1] A fact is considered "material for purposes of [that] section . . . so long as it is significant or essential to the issue or matter at hand" (Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003] [internal quotation marks and citation omitted]),and "an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Brown v Van Liner Ins. Co., 227 AD3d 1331, 1335 [3d Dept 2024] [internal quotation marks and citations omitted]). "[F]eigning the extent of a disability or exaggerating symptoms and/or injuries have been found to constitute material false representations within the meaning of the statute" (Matter of Deliso v New York City Tr. Auth., 225 AD3d 1010, 1011 [3d Dept 2024] [internal quotation marks and citations omitted]). "Whether a claimant has violated the statute lies within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (id. [internal quotation marks and citations omitted]; accord Matter of Giesselmann v Rotterdam Steel, LLC, 233 AD3d 1243, 1244 [3d Dept 2024]).
Ronald Mann, an orthopedic surgeon who conducted three IMEs of claimant between late 2019 and mid-2021, had classified claimant as having a marked partial disability of 75% at the August 2021 IME. After viewing the surveillance videos, Mann issued an addendum and later testified that claimant's activities reflected in the videos were inconsistent with how he had presented at the examinations, that is, "how [claimant] presented to [Mann] in the [IME] was not [a] true and accurate reflection of his abilities." Mann concluded that claimant had magnified his symptoms and, given his demonstrated "ability to ambulate fully and freely," "to walk[ ] fast with no limp or difficulty" and a "normal gait," to carry objects including large bags for extended periods of time and bend over and to get in and out of the car with no difficulty, Mann opined that claimant had only a 25% partial mild temporary disability, was not limited to sedentary work and did not require contemplated back surgery. The psychiatrist who conducted multiple IMEs of claimant between 2019 and 2021 and diagnosed consequential depression and found after the November 11, 2020 IME that he was permanently 50% disabled, testified that claimant had reported in 2020 through 2021 being homebound or mostly homebound and "unable to function" but that a review of the surveillance video established that "he did not appear to be physically limited or even psychologically limited in his presentation."
A review of the surveillance videos finds full support for the WCLJ's conclusion, adopted by the Board, that claimant falsely and repeatedly represented and exaggerated the scope and breath of his disability and physical abilities at multiple IMEs in order to obtain workers' compensation indemnity benefits. As the WCLJ and Board found, claimant is seen on the surveillance [*3]videos "us[ing] his cane as a prop" entering and during IMEs "to exaggerate his symptoms" and then not using it at all when not attending IMEs, walking with a "normal gait and no apparent disability." Our review of the video recorded on December 15, 2020, for example, fully supports the Board's finding that claimant's disability "appeared non-existent" in that he is observed ascending and descending stairs and performing "heavy labor" lifting and moving large items into a raised moving truck, including multiple mattresses, box springs, boxes and substantial pieces of furniture and carrying an almost full five-gallon jug of liquid "with apparent ease." That video demonstrates claimant's ability to lift heavy object with both arms, traverse stairs and step on and off a raised truck, all without difficulty or any assistive devices. The WCLJ and Board further cited, as examples of claimant's misrepresentations and exaggerations of the extent of his disability, his conduct reflected in surveillance videos taken in November 2019 and March 2021, which depict claimant walking with a cane and heavy limp into his IMEs but, later in the day, walking without a cane with a "normal gait," a trend that "continued for years." Substantial evidence, including the medical testimony and reports and the surveillance videos and reports, supports the Board's finding that claimant feigned or exaggerated the extent of his disability and his physical capabilities to the IME physicians over the course of years and knowingly made material misrepresentations for the purpose of influencing his workers' compensation claim and, thus, violated Workers' Compensation Law § 114-a (1) and is subject to a mandatory penalty (see Matter of Deliso v New York City Tr. Auth., 225 AD3d at 1011; Matter of Strohschein v Safespan Platform Sys. Inc., 207 AD3d 818, 821 [3d Dept 2022], lv denied 39 NY3d 915 [2023]).[FN2]
With regard to the imposition of a discretionary penalty, "the Board is vested with the authority — as an exercise of its discretion — to disqualify a claimant from receiving any future [wage replacement] benefits," a prospective penalty that is "typically . . . reserved for situations where the underlying deception has been deemed egregious or severe, or there was a lack of mitigating circumstances" (Matter of Deliso v New York City Tr. Auth., 225 AD3d at 1012 [internal quotation marks and citations omitted]). Importantly, "[j]udicial review of the penalty imposed is limited to whether the penalty constitutes an abuse of discretion as a matter of law and, as such, a penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (id. [internal quotation marks and citations omitted]; see Matter of Strohschein v Safespan Platform Sys. Inc., 207 AD3d at 821). Claimant argues that the penalty should be rescinded in that the surveillance videos recorded over three years were [*4]merely a "few instances of atypical behavior." However, "it is not the role of this Court to second-guess the Board's resolution of factual and credibility issues, and the mere fact that there may be evidence in the record to support contrary conclusions is of no moment" (Matter of Winkelman v Sumitomo Rubber USA, 228 AD3d 1153, 1156 [3d Dept 2024] [internal quotation marks and citations omitted]). The WCLJ finding, adopted by the Board, was that "this is the most egregious example of false representation I have seen in my years as a [WCLJ]." Given that the Board's findings are supported by the record — that the surveillance videos demonstrate that, over the course of years, claimant's disability "appeared non-existent" and that he had "no apparent disability," and that his misrepresentations at the IMEs had been egregious and sufficiently severe to warrant disqualification — we do not find that the penalty is disproportionate to claimant's material misrepresentations and decline to disturb it (see Matter of Deliso v New York City Tr. Auth., 225 AD3d at 1012; Matter of Yolas v New York City Tr. Authority, 224 AD3d 1112, 1115 [3d Dept 2024]; Matter of Strohschein v Safespan Platform Sys. Inc., 207 AD3d at 822; Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d 1273, 1275 [3d Dept 2016]). Claimant's remaining contentions have been reviewed and found to be without merit.
Egan Jr., J.P., Clark, Lynch and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The Board does not have the discretion under Workers' Compensation Law § 114-a to cut off a claimant's medical benefits for compensable injuries (see Matter of Rodriguez v Burn-Brite Metals Co., 1 NY3d 553, 555-556 [2002]).

Footnote 2: To the extent that claimant argues that certain medical reports or testimony were not included in the Board's file, the record does not reflect what efforts claimant made to obtain those documents or that claimant requested same (see 12 NYCRR 300.18 [b], [e], [f]).