Matter of Alzate v Quality Bldg. Servs. Corp. (2025 NY Slip Op 03229)

Matter of Alzate v Quality Bldg. Servs. Corp.

2025 NY Slip Op 03229

Decided on May 29, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 29, 2025

CV-23-0963
[*1]In the Matter of the Claim of Adriana Alzate, Appellant,
v
Quality Building Services Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 30, 2025

Before:Pritzker, J.P., Lynch, Ceresia, McShan and Powers, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Bedoya & Hussain Law Firm, LLC, Paramus, New Jersey, (Usra Hussain of counsel), for Quality Building Services Corp. and another, respondents.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed May 11, 2023, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and disqualified her from receiving future indemnity benefits.
In October 2019, claimant was injured at work when a printer fell on her while she was vacuuming. Her subsequent claim for worker's compensation benefits was ultimately established for, among other things, injuries to her back, neck and right shoulder. Claimant received ongoing medical treatment and underwent independent medical examinations (hereinafter IMEs) and, at a December 2021 hearing at which claimant provided testimony with the assistance of a translator, she denied, among other things, having sustained prior injuries to the neck and back. Based upon, among other things, claimant's testimony, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) raised the issue of a Workers' Compensation Law § 114-a violation based upon her prior testimony and failure to disclose her prior injuries to her neck and back to multiple medical providers. A Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that this was insufficient evidence that claimant violated Workers' Compensation Law § 114-a. Upon administrative review, the Workers' Compensation Board modified the decision of the WCLJ, determining, in relevant part, that claimant violated section 114-a based upon her inconsistent and contradictory disclosures/testimony and, given the nature of the denials and omissions, imposed mandatory and discretionary penalties. Claimant appeals.
We affirm. "Workers' Compensation Law § 114-a (1) provides, in relevant part, that a claimant who, for the purpose of obtaining workers' compensation benefits or influencing any determination relative thereto, knowingly makes a false statement or representation as to a material fact shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (Matter of Carpenter v Albany Dialysis Ctr., 235 AD3d 1048, 1049 [3d Dept 2025] [internal quotation marks and citations omitted]). "A fact will be deemed material so long as it is significant or essential to the issue or matter at hand, and an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Williams v New York City Dept. of Corr., 188 AD3d 1382, 1383 [3d Dept 2020] [internal quotation marks, ellipsis and citations omitted]; see Matter of Nappi v Verizon N.Y., 205 AD3d 1181, 1182 [3d Dept 2022]). "Whether a claimant has violated the statute lies within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Yolas v New York City Tr. Auth., 224 AD3d 1112, 1113 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Arena v Upstate Niagara [*2]Coop. Inc., 208 AD3d 1400, 1401 [3d Dept 2022]). "Exaggerating one's symptoms and/or downplaying the significance of preexisting conditions, prior injuries or treatment also have been found to rise to the level of a material, false misrepresentation" (Matter of Nappi v Verizon N.Y., 205 AD3d at 1183 [citations omitted]). "As to penalty, in addition to rescinding any workers' compensation benefits already paid, the Board may — as an exercise of its discretion — disqualify a claimant from receiving future benefits" (Matter of Ali v New York City Dept. of Corr., 205 AD3d 1247, 1249 [3d Dept 2022] [citations omitted]).
Emergency department records from October 2012 reveal that claimant underwent CT scans of the head, brain and neck due to her report of numbness to the right side of her face. Following a motor vehicle accident in November 2012, during which her vehicle was rear-ended, claimant was examined in December 2012 for pain and numbness radiating down her right arm at which time she reported that she had surgery on her back in 2009. Her condition was attributed to a likely cervical strain, and physical therapy for her right shoulder and cervical spine was recommended. Following a course of physical therapy, claimant was examined in 2013 for pain in her right shoulder, which had not improved, resulting in a recommended MRI of her cervical spine. In August 2018, claimant was admitted to an emergency room complaining of tailbone pain, lower back pain and neck pain after falling while exiting her vehicle and landing on her buttocks and back. Claimant was diagnosed with a neck strain and acute midline low back pain without sciatica, and imaging studies revealed degenerative changes of both the cervical and lumbar spine. In May 2019, following a motor vehicle accident, claimant reported being thrown from her seat on a city bus during an accident and complained of worsening pain in her neck throughout her entire back; she was diagnosed with cervical muscle strain, strain of muscle at thorax level and strain of the lumbar paraspinal muscle.
Notwithstanding the significant foregoing medical history and treatment concerning claimant's neck and back, when she filed the instant claim for workers' compensation benefits she denied on the C-3 form that she had sustained prior injuries to any of the claimed sites. During a November 2020 IME by an orthopedic surgeon, claimant did not report any prior injuries to her neck or back, and, on an IME questionnaire filed with that IME, she expressly denied any prior neck or back complaints and any surgery related to this claim. Claimant again denied any prior injuries before the underlying accident during a February 2022 IME by a neurologist. During a May 2022 orthopedic IME conducted by a different orthopedic surgeon, claimant disclosed sustaining only a left knee injury 8 or 10 years prior to the accident in question and denied history of any subsequent accidents. Claimant also testified at the December 2021 hearing [*3]that, although she had received treatment for prior injuries to her shoulders and knees, she was not involved in a motor vehicle accident in 2019, could not recall being involved in a slip and fall accident in 2018 and never injured her neck or back prior to the accident in question.
Claimant's argument that the failure to disclose her prior injuries and treatment to her neck and back on multiple occasions was due to a language barrier is unpreserved, as she failed to raise it before the WCLJ (see Matter of Bonilla v XL Specialty Ins., 228 AD3d 1188, 1189 [3d Dept 2024]; Matter of Puccio v Absolute Chimney & HomeImprovement, LLC, 222 AD3d 1060, 1062 [3d Dept 2023], lv dismissed & denied 42 NY3d 967 [2024]; see also 12 NYCRR 300.13[b] [4] [v]). Instead, claimant averred that her failures in disclosure were attributable to memory loss and, to the extent that claimant maintains that position, that presented a credibility issue that the Board was free to reject (see Matter of Ali v New York City Dept. of Corr., 205 AD3dat 1249; Matter of Nappi v Verizon N.Y., 205 AD3d at 1184). All told, the Board's finding that claimant knowingly made material omissions and/or misrepresentations in violation of Workers' Compensation Law § 114-a is supported by substantial evidence, and we will not disturb it (see Matter of Ali v New York City Dept. of Corr., 205 AD3d at 1249; Matter of Nappi v Verizon N.Y., 205 AD3d at 1183-1184; Matter of Ortiz v Calvin Maintenance, 199 AD3d 1211, 1212-1213 [3d Dept 2021]; Matter of Williams v New York City Dept. of Corr., 188 AD3d at 1383-1384; compare Matter of Hartman v Arric Corp., 224 AD3d 959, 960 [3d Dept 2024]).
"As to the discretionary penalty imposed, it is well settled that judicial review of an administrative penalty is limited to whether the penalty constitutes an abuse of discretion as a matter of law and, as such, a penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Ali v New York City Dept. of Corr., 205 AD3d at 1249-1250 [internal quotation marks and citations omitted]). Here, the Board expressly found that claimant's repeated denials of her prior injuries to her neck and back, including several that were given under oath, were sufficiently egregious to warrant the discretionary penalty of permanent disqualification from receiving wage replacement benefits. As the record supports the Board's finding, we will not disturb it (see id. at 1250; Matter of Nappi v Verizon N.Y., 205 AD3d at 1184; Matter of Ortiz v Calvin Maintenance, 199 AD3d at 1213). To the extent that we have not addressed any of claimant's remaining contentions, they are either academic in light of our decision or have been considered and found to be without merit.
Pritzker, J.P., Lynch, Ceresia and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.